Kenneth A. Okazaki (USB # 3844)
Timothy B. Smith (USB # 8271)
Taryn N. Evans (USB # 14638)
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200
kokazaki@joneswaldo.com
tsmith@joneswaldo.com
tevans@joneswaldo.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| XLEAR, INC., a Utah corporation,<br><br>　　　Plaintiff,<br>vs.<br><br>FOCUS NUTRITION, L.L.C., a Utah limited liability company,<br><br>　　　Defendant. | **COMPLAINT**<br><br><br>Civil No. 2:16-cv-00643-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Xlear, Inc., a Utah corporation ("Xlear"), for its Complaint against Defendant Focus Nutrition, LLC ("Focus Nutrition"), a Utah limited liability company, alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.　Xlear is corporation organized under the laws of the state of Utah, with a principal place of business at 723 South Auto Mall Drive, American Fork, Utah 84003. Xlear is engaged in the business of manufacturing and selling in the United States products containing xylitol, a naturally-occurring sweetener.

2. Focus Nutrition is a limited liability company organized under the laws of the state of Utah, with a principal place of business in Orem, Utah. As a resident of the State of Utah, Focus Nutrition is subject to personal jurisdiction in this Court.

3. The Defendant has transacted business within this judicial district during the relevant time period.

4. The claims for relief alleged herein arose within this judicial district.

5. This action arises, in part, under federal law, particularly the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*  This Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

6. Xlear invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over the remaining claims alleged herein, in that such claims are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

8. Xlear is unique company founded in 2000 and is a leader in the manufacture and distribution of products containing xylitol, including natural sweeteners. Xlear's products are made using high quality ingredients and manufactured in compliance with high standards of purity and quality.

9. Xlear distributes its products through third party retail stores and also operates its own website through which it offers for sale and has sold a wide variety of products, including natural sweeteners containing xylitol, throughout the United States, including this judicial district.

10. Xlear has been engaged in the sale and/or offering for sale of its products continuously since 2000.

11. Long prior to the acts of Defendant complained of herein, in connection with the operation of its website and the sale of Xlear products, Xlear commenced use of distinctive trade dress on its product packaging, including the packaging for its natural sweetener, XyloSweet® ("XyloSweet® Trade Dress").

12. The XyloSweet® Trade Dress consists of white mylar container with a green band at the top, a picture of fruit is prominent and the product is shown in a serving medium near the fruit. As a result of Xlear's extensive use and promotion of the XyloSweet® Trade Dress, the public associates the XyloSweet® Trade Dress with Xlear and its natural sweetener product.



XyloSweet® Trade Dress

13. Xlear's XyloSweet® Trade Dress is used in connection with Xlear's advertising and promotional materials, on Xlear's website and in various non-affiliated stores and websites that sell Xlear products.

14. Xlear has expended considerable time and resources to create and develop its unique XyloSweet® Trade Dress in connection with the operation of its website and the sale of XyloSweet® products.

15. Due to Xlear's substantial and significant sales, advertising, promotion and publicity, XyloSweet® Trade Dress is recognized as emanating from or being associated with Xlear.

16. Xlear's XyloSweet® Trade Dress is inherently distinctive and is recognized by members of the consuming public as an indicator of a high quality product associated with Xlear.

**DEFENDANT'S CONDUCT**

17. After Xlear's extensive sales of its XyloSweet® product in connection with the XyloSweet® Trade Dress, Defendant began offering to sell and selling the same type of product, a natural sweetener containing xylitol, for sale to substantially the same consumers.

18. The principals of Defendant include former employees of Xlear.

19. Defendant originally offered for sale a natural sweetener in packaging that consisted primarily of the color blue.



Defendant's original packaging

20. When Defendant was unable to generate significant sales of its natural sweetener containing xylitol, it began using packaging for its natural sweetener that infringes Xlear's XyloSweet® Trade Dress ("Infringing Trade Dress").



Defendant's infringing trade dress

21. Both Defendant and Xlear transact business through interstate commerce.

22. Upon information and belief, Defendant's creation and use of the Infringing Trade Dress has been done willfully in an effort to impermissibly copy Xlear's XyloSweet® Trade Dress, to trade on the goodwill Xlear has created in that trade dress and to mislead customers into believing there is an association between Defendant and Xlear. The fact that former Xlear employees work for Defendant shows that Defendant was clearly aware of Xlear and its XyloSweet® Trade Dress when it use the Infringing Trade Dress.

23. Defendant's appropriation of the XyloSweet® Trade Dress is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's product because of the relatedness of such product to Xlear's product.

24. Upon information and belief, by their willful conduct, Defendant has made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

25. By reason of Defendant's conduct, Xlear has suffered and will continue to suffer damage unless restrained by this Court.  Xlear is without an adequate remedy at law.

**COUNT I**
**TRADE DRESS INFRINGEMENT**
**(Violation of Lanham Act, 15 U.S.C. § 1125(a))**

26. Xlear realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 25 above.

27. Xlear's XyloSweet® Trade Dress is entitled to protection because it is inherently distinctive and non-functional and/or it has acquired distinctiveness.

28. Defendant's use of the Infringing Trade Dress constitutes false designation of origin or sponsorship of Defendant's products and tends to falsely represent that Defendant's products originate from Xlear or that Defendant's products and/or Defendant have been sponsored, approved or licensed by Xlear or are in some way affiliated or connected with Xlear.

29. Defendant's conduct is likely to confuse, mislead and deceive Defendant's customers, purchasers and members of the public as to the origin of Defendant's products or cause said persons to believe that Defendant's products and/or Defendant have been sponsored, approved, authorize or license by Xlear or are in some way affiliated or connected with Xlear in violation of 15 U.S.C. § 1125(a).

30. Upon information and belief, Defendant's conduct was and is willful and intentional.

31.     As a direct and proximate result of the foregoing acts, practices and conduct, Xlear has been or is likely to be substantially injured in its business, including its reputation, by Defendant's infringement of the XyloSweet® Trade Dress, resulting in diminished goodwill and reputation, and lost revenue and profits.

32.     Xlear has no adequate remedy at law, because the harm caused to Xlear's goodwill and reputation by Defendant's willful conduct can never be fully remedied with an award of money damages.  Defendant's willful misconduct constitutes a blatant attempt to misappropriate and, thereby, to injure Xlear's unique and valuable commercial identity and should be enjoined by the Court.

33.     Unless enjoined by the Court, Defendant will continue to infringe the XyloSweet® Trade Dress to Xlear's irreparable injury.  This threat of future injury to Xlear's business identity, goodwill and reputation requires injunctive relief to prevent such infringement and to ameliorate and mitigate Xlear's injury.

## COUNT II
## UTAH TRUTH IN ADVERTSING ACT
**(Violation of U.C.A. § 13-11a-3)**

34.     Xlear realleges and incorporates by reference Paragraphs 1 through 33 above as if fully set forth herein.

35.     The foregoing conduct and actions of Defendant described above, including, without limitation, Defendant's infringement of the XyloSweet® Trade Dress, are likely to cause confusion among purchasers as to the source, sponsorship, approval, or certification of goods in commerce and constitute deceptive trade practices in violation of the provisions of the Utah Truth in Advertising Act, Utah Code Ann. § 13-11a-3.

36. As a direct and proximate result of the foregoing acts, practices and conduct, Xlear has been or is likely to be substantially injured in its business, including its reputation, by Defendant's use and infringement of the XyloSweet® Trade Dress resulting in lost revenues and profits, and diminished goodwill and reputation.

37. Xlear has no adequate remedy at law, because the harm caused to Xlear's goodwill and reputation by Defendant's willful conduct can never be fully remedied with an award of money damages. Defendant's willful misconduct constitutes a blatant attempt to trade upon and, thereby, to injure Xlear's unique and valuable commercial identity and should be enjoined by the Court.

38. Unless enjoined by the Court, Defendant will continue to use and infringe Xlear's protected intellectual property to Xlear's irreparable injury. This threat of future injury to Xlear's business identity, goodwill and reputation requires injunctive relief to prevent such infringement and to ameliorate and mitigate Xlear's injury.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

39. Xlear realleges and incorporates by reference Paragraphs 1 through 38 above as if fully set forth herein.

40. The foregoing conduct and actions of Defendant, including, without limitation, Defendant's infringement of the XyloSweet® Trade Dress constitute unfair competition under the common law of the State of Utah.

41. As a direct and proximate result of the foregoing acts, practices and conduct, Xlear has been or is likely to be substantially injured in its business, including its reputation, by

Defendant's infringement of the XyloSweet® Trade Dress, resulting in lost revenues and profits, and diminished goodwill and reputation.

42. Xlear has no adequate remedy at law, because the harm caused to Xlear's goodwill and reputation by Defendant's willful conduct can never be fully remedied with an award of money damages. Defendant's willful misconduct constitutes a blatant attempt to misappropriate and, thereby, to injure Xlear's unique and valuable commercial identity and should be enjoined by the Court.

43. Unless enjoined by the Court, Defendant will continue to use and infringe the XyloSweet® Trade Dress to Xlear's irreparable injury. This threat of future injury to Xlear's business identity, goodwill and reputation requires injunctive relief to prevent such infringement and to ameliorate and mitigate Xlear's injury.

## **PRAYER FOR RELIEF**

WHEREFORE, Xlear prays that this Court:

a. Enter judgment in favor of Xlear and against Defendant on all claims set forth above;

b. Enter an injunction against Defendant prohibiting it from selling, offering for sale, advertising, or dealing in natural sweeteners or any other good by using the XyloSweet® Trade Dress (or a confusingly similar variant) or in any other manner that is likely to cause purchasers to believe that such goods are produced or sponsored by Xlear;

c. Enter an injunction against Defendant prohibiting it from unfairly competing with Xlear in any manner whatsoever;

d. Enter an injunction against Defendant prohibiting it from violating the provisions of the Utah Truth in Advertising Act, Utah Code Ann. § 13-11a-3, with respect to the XyloSweet® Trade Dress;

e. Enter an injunction against Defendant prohibiting it from unfairly competing with Xlear with respect to the XyloSweet® Trade Dress;

f. Award Xlear damages in an amount to be proven at trial;

g. Award Xlear three times the damages suffered by Xlear because of Defendant's willful conduct;

h. Award Xlear punitive damages in an amount deemed reasonable by the trier of fact to deter Defendant from such wrongful conduct in the future;

i. Award Xlear prejudgment interest pursuant to applicable law;

j. Award Xlear its costs and expenses pursuant to applicable law;

k. Award Xlear its attorneys' fees under the Utah Truth in Advertising Act;

l. Otherwise award Xlear its costs and expenses, including reasonable attorneys' fee, pursuant to applicable law; and

m. Award Xlear such other and further relief as this Court deems necessary and appropriate.

## DEMAND FOR JURY TRIAL

Xlear demands a trial by jury on all issues so triable.

Dated this 17th day of June, 2016.

                    JONES WALDO HOLBROOK & McDONOUGH PC

                    By: */s/ Timothy B. Smith*
                        Timothy B. Smith (USB # 8271)
                      *Attorneys for Plaintiff*