Kenneth A. Okazaki (USB # 3844)
Timothy B. Smith (USB # 8271)
Taryn N. Evans (USB # 14638)
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200
kokazaki@joneswaldo.com
tsmith@joneswaldo.com
tevans@joneswaldo.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XLEAR, INC., a Utah corporation,<br><br>          Plaintiff,<br>vs.<br><br>FOCUS NUTRITION, L.L.C., a Utah<br>limited liability company,<br><br>          Defendant. | **OPPOSITION TO FOCUS NUTRITION, LLC'S MOTION FOR ATTORNEYS' FEES**<br><br><br><br>Civil No. 2:16-cv-00643-DB<br><br>Judge Dee Benson |

Plaintiff Xlear, Inc. ("Xlear") respectfully submits this Memorandum in Opposition to

Focus Nutrition, LLC's Motion for Attorneys' Fees

### INTRODUCTION

Defendant Focus Nutrition, LLC ("Focus") asks the Court to award it attorneys' fees

under Rule 54 of the FEDERAL RULES OF CIVIL PROCEDURE.  Focus asserts that it is entitled to

fees pursuant to 15 U.S.C. § 1117 and U.C.A. § 13-11a-4.  Under either statute, Focus must

show that it is the prevailing party in this dispute.  By stipulation, the parties agreed to dismiss all

the claims in this matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  The

1273667.1

overwhelming number of courts that have addressed the issue of who is a prevailing party upon a

dismissal under Rule 41(a)(1)(A)(ii) have determined that there is no prevailing party because

the dismissal does not require any input or action on behalf of the court. Such a dismissal, even

a voluntary dismissal with prejudice, contains a lack of any judicial imprimatur that the U.S.

Supreme Court has found is necessary to determine prevailing party status. Because there is not

a prevailing party in this case, an award of attorneys' fees is not permissible. In addition under

the Lanham Act, Focus must show that Xlear has engaged in conduct that is exceptional, not just

wrongful. Focus fails to cite a single case to this Court where the conduct it alleges is

exceptional here was found to be exceptional by any court. Focus has not demonstrated that it is

entitled to attorneys' fees in this case, and Xlear requests that the Court deny Focus' motion for

attorneys' fees.

**ARGUMENT**

I.      **FOCUS IS NOT ENTITLED TO ATTORNEYS' FEES UNDER 15 U.S.C. § 1117.**

        A.      **Focus is not a Prevailing Party.**

Focus asserts that it is well settled that a voluntary dismissal with prejudice under Rule

41 of the Federal Rules of Civil Procedure bestows prevailing party status on a defendant.

Focus' general proposition is incorrect. As the Court is aware, Rule 41 contains multiple

provisions that deal with multiple means for dismissal of a case. In this matter, the parties

agreed to stipulate to a dismissal with prejudice of *all* claims asserted in the case pursuant to

Rule 41(a)(1)(A)(ii). *See* Docket # 34. Contrary to Focus' assertion that Rule 41 makes it a

prevailing party,

> the great weight of judicial authority holds that once a stipulation of dismissal under Rule 41(a)(1)(A)(ii) is filed, the matter ends.[1] . . . In sum, a stipulation of dismissal is effected by the parties themselves, without judicial involvement, even when a ministerial order follows, as occurred here. Because a stipulation of dismissal does not result in a judgment or judicially sanctioned relief, on which *Buckhannon* [*Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 601, 121 S. Ct. 1835, 149 L.Ed.2d 855 (2001)] premises "prevailing party" status, it follows that a defendant dismissed pursuant to a stipulation of dismissal is not a "prevailing party."

*Malibu Media, LLC v. Baiazid*, 152 F. Supp.3d 496, 500-01 (E.D. Va. 2015)(defendant was not a prevailing party and therefore not entitled to attorneys' fees in copyright case, which was dismissed with prejudice by stipulation pursuant to Rule 41(a)(1)(A)(ii) and in which defendant reserved its right to pursue attorneys' fees).

The *Malibu Media* court provided an analysis of the *Buckhannon* case that is instructive here.  The court noted that in *Buckhannon* the Supreme Court "addressed the meaning of 'prevailing party' as used in the fee shifting provisions of the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1990." *Malibu Media*, 152 F. Supp.3d at 499 (citing *Buckhannon*, 532 U.S. at 601).  While *Buckhannon* was not exactly on point in the copyright dispute in *Malibu Media*, or the trade dress dispute here, "a cardinal rule of statutory construction is that when Congress employs a term of art, it presumably knows and adopts the established meaning of the term. Thus, the meaning of the term 'prevailing party' as explained in

---

[1] Citing *Marino v. Pioneer Edsel Sales, Inc.,* 349 F.3d 746, 752 n. 1 (4th Cir.2003) (noting that dismissals by stipulation are "not effected by court order"); *accord Anago Franchising, Inc. v. Shaz, LLC,* 677 F.3d 1272, 1278 (11th Cir.2012) (noting that a stipulation of dismissal is automatic and self-executing); *De Leon v. Marcos,* 659 F.3d 1276, 1284 (10th Cir.2011) (same); *Kabbaj v. Am. Sch. of Tangier,* 445 Fed. Appx. 541, 544 (3d Cir.2011) (same); *SmallBizPros, Inc. v. MacDonald,* 618 F.3d 458, 463 (5th Cir.2010) (same); *Jenkins v. Vill. of Maywood,* 506 F.3d 622, 624 (7th Cir.2007) (same); *Gambale v. Deutsche Bank,* 377 F.3d 133, 139 (2d Cir.2004) (same); *Green v. Nevers,* 111 F.3d 1295, 1301 (6th Cir.1997) (same); *In re Wolf,* 842 F.2d 464, 466 (D.C.Cir.1988) (same); *Gardiner v. A.H. Robins Co.,* 747 F.2d 1180, 1189 (8th Cir.1984) (same).

1273667.1

*Buckhannon* is broadly applicable across federal fee shifting statutes.  In short, *Buckhannon* is

authoritative with respect to Rule 54 and [the Lanham Act]." *Malibu Media*, 152 F. Supp.3d at

500 (citations and quotation marks omitted).

The Supreme Court began its analysis by favorably citing the definition of "prevailing

party" provided in *Black's Law Dictionary*, which defines a "prevailing party" as a "'party in

whose favor a *judgment* is rendered.'" *Id.* (citing *Buckhannon*, 532 U.S. at 603)(emphasis added

by the *Malibu Media* court).  Relying on this definition, the Supreme Court held that "a

'judicially sanctioned change in the legal relationship of the parties'—such as a judgment on the

merits or a consent decree—is necessary for 'prevailing party' status." *Id.* (citing *Buckhannon*,

532 U.S. at 605).  The *Malibu Media* court found that, when it applied the Supreme Court's

analysis of "prevailing party," it "point[ed] convincingly that defendant is not a 'prevailing

party.'" *Id.*  Here, just as in *Malibu Media*, no judgment or consent decree was entered by the

Court.  The docket simply reflects that the case is terminated. The Court did not enter an order or

direct the clerk to enter a judgment.  There was no "judicially sanctioned change in the legal

relationship of the parties." *Id.* (citing *Buckhannon*, 532 U.S. at 605).

The issue of whether a party was a prevailing party was also addressed in *Hartke v.*

*Westman Property Management, Inc.*, No. 3:15-cv-01901-GPC-DHB, 2016 WL 3286347 (S.D.

Cal. June 14, 2016).  Although the case involved a request for attorneys' fees under the Civil

Rights Act, the court's discussion of a dismissal under Rule 41(a)(1)(A)(ii) is applicable here.

Like the *Malibu Media* court, the *Hartke* court discussed *Buckhannon*. *See id.* at *3.  Just as

here, the *Hartke* defendants argued they were the prevailing party because the plaintiff's claims

were voluntary dismissed with prejudice pursuant to Rule 41(a)(1)(A)(ii), which stipulation of

1273667.1

dismissal was filed while defendants' motion to dismiss was *pending*. *See id.* The court stated

that only a "material alteration of the legal relationship of the parties[,]'" which alteration

"obtain[ed] 'the necessary judicial *imprimatur* on the change' w[ould] suffice to confer

'prevailing party' status" on the party seeking attorneys' fees. *Id.* (citing *Buckhannon*, 532 U.S.

at 604, 605.) Such a judicial imprimatur is absent from this case as the Court has not granted any

relief to Focus, whose motion for judgment on the pleadings was denied and whose counterclaim

for unenforceability of Xlear's trade dress was also dismissed with prejudice by stipulation of the

parties.

The *Hartke* court also noted that "[d]efendants have not cited and the Court is not aware

of any cases where a defendant has been found a prevailing party for purposes of [42 U.S.C. §]

1988 upon voluntary dismissal under Rule 41(a)(1)(A)(ii)." *Id.* The same is true here. Focus

has not cited, and Xlear is unaware of, any cases where a defendant has been found a prevailing

party for purposes of 15 U.S.C. § 1117 upon voluntary dismissal under Rule 41(a)(1)(A)(ii). In

addition, none of the cases cited by Focus address the situation where both parties voluntarily

dismiss their claims against each other.[2] Instead, Focus has provided a list of string cites for

cases that are inapplicable to the present case. *See* Docket # 36 at 10-11 (citing *Killer Joe*

*Nevada, LLC v. Leaverton*, 2014 WL 3547766, at *6 (N.D. Iowa July 17, 2014)(dismissal made

---

[2] *See U.S. Foodservice, Inc. v. Shamrock Foods Co., Inc.*¸246 Fed. Appx. 570, 582 (10ᵗʰ Cir. 2007)(affirming denial of award of attorneys' fees and stating, "Applying the general proposition that a defendant is a prevailing party when a plaintiff voluntarily dismisses its complaint, both [parties] would be considered the prevailing party because both parties voluntarily dismissed their claims against the other.").

1273667.1

under Rule 41(a)(2)[3]); *Cadkin v. Loose*, 569 F.3d 1142 (9th Cir. 2009)(court applied *Buckhannon* to

a claim for fees under the Copyright Act, overruled previous circuit precedent in light of

*Buckhannon*, and found defendant was *not* the prevailing party for purposes of section 505 of the

Copyright Act; no discussion or mention of Rule 41(a)(1)(A)(ii)); *Advanced Career Techs., Inc.*

*v. John Does 1-10*, 100 F. Supp. 3d 1105 (D. Colo. 2015)(court analyzed whether fees should be

awarded pursuant to a Colorado state statute and the court had already granted defendant's

motion to dismiss pursuant to Fed. R. Civ. P. 12(b) before the plaintiff filed a voluntary motion

to dismiss; no discussion or mention of Rule 41(a)(1)(A)(ii)); *Atlantic Recording Corp. v.*

*Andersen*, No. CV 05-933-AS, 2008 WL 185806 (D. Or. Jan. 16, 2008)( court found that the

dismissal had been stamped with a judicial imprimatur because defendant was allowed to dismiss

counterclaims without prejudice to pursue claims in another case; no discussion or mention of Rule

41(a)(1)(A)(ii)); *Nemeroff v. Abelson*, 620 F.2d 339 (2d Cir. 1980)(decided before *Buckhannon;*

discussed award of costs and no attorneys' fees were awarded; no discussion or mention of Rule

41(a)(1)(A)(ii)); *Cantrell v. Int'l Bhd. of Elec. Workers, AFL–CIO, Local 2021,* 69 F.3d 456 (10th

Cir. 1995)( dismissal based on Rule 41(a)(2); decided before *Buckhannon*; discussed award of costs

and no attorneys' fees were awarded; no discussion or mention of Rule 41(a)(1)(A)(ii)); *Franklin*

*Fin. v. Resolution Trust Corp.,* 53 F.3d 268 (9th Cir.1995)(decided before *Buckhannon* and

discussing Oregon state law)).

---

3 "While a voluntary dismissal under Rule 41(a)(1) [A] (ii) is effective with little to no court
involvement, *see* 8 MOORE, MOORE'S FEDERAL PRACTICE—CIVIL § 41.34, the court
plays a significant role in resolving a case that is dismissed under Rule 41(a)(2), *see id.* at §
41.40. . . .  The court has the discretion to approve or disapprove of the motion, *id.* at § 41.40(2),
and hence constitutes the determining factors as to whether the case is dismissed. . . . Thus, a
Rule 41(a)(2) dismissal has the 'judicial imprimatur' and 'judicially sanctioned' relief lacking in

In *Johnson v. Pringle*, No. 5:05-cv-37-O10GRJ, 2006 WL 2189542 (M.D. Fla. Aug. 1, 2006), the court faced the same question before this Court. Plaintiff brought a claim under the Lanham Act. Ultimately, the parties entered a Joint Stipulation for Dismissal with Prejudice pursuant to Rule 41(a)(1)(A)(ii) and included a sentence that defendants were reserving their right to seek their attorneys' fees. *See id.* at *1. Relying on *Buckhannon*, the *Johnson* court stated that "[t]he Supreme Court has explained that a prevailing party is one who has been awarded some relief by the court." *Id.* at *2 (citation and quotation marks omitted). Where "the parties entered into a joint stipulation of dismissal pursuant to Rule 41(a)(1) without an admission or judicial determination . . ., there is no prevailing party." *Id.* at *3 (citations omitted). "The Defendant's cannot now seek to have the Court rule on the merits of their claims and declare them the prevailing party after choosing to agree with the Plaintiff to a Rule 41(a)(1)(ii) joint stipulation of dismissal of the case." *Id.* The court declined to award any attorneys' fees just as the Court should do here because Focus is not a prevailing party.[4]

The parties agreed to a stipulation of dismissal of *all* claims asserted in this lawsuit pursuant to Rule 41(a)(1)(A)(ii).

> Under such circumstances, there is no judicial determination as to who is the prevailing party in the case. In fact, there is no determination of any kind as to who 'won' the dispute. The parties could have agreed to dismiss for any number of reasons or benefits, other than because one party would have won on the merits if the case went to trial. Thus, neither litigant is the prevailing party.

---

a Rule 41(a)(1) [A] (ii) dismissal." *Bryan v. MV Transp., Inc.*, 231 F.R.D. 480, 482 (E.D. Va. 2005).

[4] *See also Hopkins Mfg. Corp. v. Cequent Performance Prods., Inc.*, No. 14-2208-JAR, WL 7188281, at *7 (D. Kan. Dec. 12, 2016)("dismissal under Rule 41(a)(1)(A)(ii) would be insufficient to confer prevailing party status under the Supreme Court's standards announced in *Buckhannon*. . . . Even if the stipulation were to state the dismissal was with prejudice, a . . . voluntary dismissal under Rule 41(a)(1)(A)(ii) is not judicially sanctioned because it does not require a court order, nor does the court have the authority to place any conditions on it.")

*Bryant*, 231 F.R.D. at 482.  Accordingly, Focus is not a prevailing party in this matter.  There is

no prevailing party, and on that basis alone, the Court should deny Focus' motion for attorneys'

fees.

        **B.**       **This is not an Exceptional Case.**

Even if the Court were to conclude that Focus was the prevailing party, Focus still must

show that this is an exceptional case under 15 U.S.C. § 1117.  It has failed to make such a

showing.

Focus bears the burden of showing by clear and convincing evidence that this is an

exceptional case under section 1117.  In support of its argument, Focus cites *National Ass'n of*

*Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143 (10th Cir. 2000), a case

in which the court declined to find the case exceptional and award attorneys' fees.  In *Very*

*Minor Leagues*, the court discussed factors that could be considered in determining whether a

case is exceptional. "No one factor is determinative, and an infringement suit *could* be

'exceptional' for a prevailing defendant because of (1) its lack of any foundation, (2) the

plaintiff's bad faith in bringing the suit, (3) the unusually vexatious and oppressive manner in

which it is prosecuted, or (4) perhaps for other reasons as well." *Id.* at 1146.  The court notes

that ultimately the district court has been given the discretion to determine whether a case is

exceptional. *See id.*

Focus argues that the Court should "find that it was Xlear's subjective motivation to

bring vexatious and frivolous claims against Focus."  Docket #36 at 13.  Focus does not assert

that the complaint lacked any foundation.  It does not argue that Xlear acted in bad faith in

bringing the lawsuit.  It does not argue that the case was prosecuted in an *unusually* vexatious

1273667.1

and oppressive manner.  Instead, Focus seems to argue that the present case is exceptional for "other reasons."  That reason being "vexatious and frivolous claims."

During the hearing on Focus' Rule 12(c) motion, the Court stated that Focus' had "pled enough" in its complaint to withstand Focus' motion for judgment on the pleadings.  *See* Docket # 36-3 at 32.  The Court did not indicate that the complaint lacked foundation or had been brought in bad faith.  The Court did encourage the parties to reach a settlement.  *Id.* at 30.  Focus makes much out of Xlear's actions, or lack thereof, from the time it filed its Rule 12(c) motion in January 2017 (six months after the case was filed) until the filing of its present motion.  Focus argues that because Xlear did not aggressively pursue discovery during that period that it somehow engaged in exceptional conduct.  To the contrary, Xlear did not engage in any conduct that would have caused Focus to incur additional costs.  With the Court's indication at the April 5, 2017 hearing that it might be open to a summary judgment motion from Focus, Xlear chose to pursue a resolution of this dispute as opposed to ramping up discovery and causing the parties to incur additional costs.  Yet, Focus now argues that such conduct is exceptional under 15 U.S.C. § 1117.

While Xlear contends that Focus has failed to show that it is a prevailing party and therefore the Court should not even address whether this is an exceptional case, even if the court were to conduct such an analysis, this is not an exceptional case.  Moreover, Focus has not provided the Court with a single citation where a court found the case to be exceptional.  The *Very Minor League* court found that the case was not exceptional as did Judge Stewart in *Yeager v. Fort Knox Sec. Prods., Inc.*, No. 2:11-CV-91 TS, WL 2739295 (D. Utah June 17, 2014).  Just

1273667.1

as the conduct in those cases was not exceptional, Xlear's conduct in this case has not been exceptional either.

## II.  FOCUS IS NOT ENTITLED TO ATTORNEYS' FEES UNDER U.C.A. § 13-11a-4.

Focus is not a prevailing party for purposes of the Lanham Act, nor is it a prevailing party under the Utah Truth in Advertising Act ("UTIAA").  As is discussed *supra*, Focus is not a prevailing party in this action because all the claims, including counterclaims, were voluntarily dismissed by the parties pursuant to Rule 41(a)(1)(A)(ii).  It is also not a prevailing party under applicable Utah law.

As noted by Focus, the Utah Supreme Court "has not defined 'prevailing party' specifically as to the UTIAA, but it has provided a general framework to ascertain the prevailing party in an action."  Docket #36 at 14 (citing *First Data Merch. Servs. Corp. v. SecurityMetrics, Inc.*, 672 Fed. Appx. 229, 239 (4th Cir. 2016)).  The Utah Supreme Court explains the proper analysis for determining a prevailing party in *Neff v. Neff*, 247 P.3d 380 (Utah 2011).  In *Neff*, two brothers and former business partners engaged in contentious litigation that lasted over six years.  *Id.* at 384.  At the conclusion of the trial, the district court denied both sides requests for their attorneys' fees. On appeal the Utah Supreme Court affirmed the denial and held that a trial court "must base its decision [whether to award attorney fees] on a number of factors."  *Id.* at 398.

> These factors include the language of the contract or statute that forms the basis of the attorney fees award, the number of claims brought by the parties, the importance of each of the claims relative to the entire litigation, and the amounts awarded on each claim. Employing these factors as a tool for analyzing which party has prevailed permit[s] a case-by-case evaluation by the trial court, and flexibility to handle circumstances where both, *or neither,* parties may be considered to have prevailed.  Accordingly, it is possible that, in litigation where both parties obtain mixed results, neither party should be deemed

to have prevailed for purposes of awarding attorney fees. This is true even where the statutory language states that a prevailing party "shall be entitled to" fees.

*Id.* at 398–99 (citations and quotation marks omitted).

Applying the *Neff* factors to the present case, Focus is not entitled to an award of attorneys' fees under the UTIAA.  Xlear asserted two claims in this lawsuit and Focus asserted one counterclaim.  Focus' motion for judgment on the pleadings did not include any argument concerning the UTIAA claim. The UTIAA claim was not an important claim relative to the entire litigation as the parties focused on the trade dress claim asserted in the complaint, and Focus was not awarded anything with respect to the UTIAA claim.  In the *First Data* case cited by Focus, the 8th Circuit Court of Appeals affirmed the district court's denial of a request for attorneys' fee under the UTIAA "because [there] was not [a] prevailing party 'within the context of the case as a whole.'"  *First Data*, 672 Fed. Appx. at 239.  The district court had determined that while First Data had prevailed on its individual UTIAA claim, it had not prevailed on the case when considered as a whole.  *See id.* at 240.  Applying *Neff*, the appellate court affirmed the district court's determination that the UTIAA claim "occupied a peripheral position in the litigation as a whole." *Id.*  In this case, the UTIAA claim occupied a similar peripheral position in the litigation and was subject to a voluntary dismissal.  This case has been void of any discussion or analysis concerning the UTIAA claim.  To now let that serve as a basis for awarding fees to Focus would be inequitable.  At most, "both parties obtain[ed] mixed results [and] neither party should be deemed to have prevailed for purposes of awarding attorney fees." *Neff*, 247 P.3d at 398.  Even if the Court were to determine that Focus was entitled to an award of attorneys' fees under the UTIAA, such an award should be limited to the time actually

1273667.1

expended by Focus' counsel on the UTIAA claim.  Focus has not provided any information showing that it spent any time on the UTIAA claim.

Focus has failed to demonstrate that it is entitled to attorneys' fees under either the Lanham Act or the UTIAA.  Accordingly, the Court should deny Focus' motion for attorneys' fees.

## III.   THE AMOUNT OF FEES SOUGHT BY FOCUS IS NOT REASONABLE.

The only information provided by Focus to support its claimed amount of attorneys' fees is a spreadsheet showing amounts billed on this case by its counsel.  There is no hourly breakdown showing what work was performed and how long was spent performing it.  There is no way to determine whether the time is reasonable when it is not known what time was spent performing tasks for this case.

## CONCLUSION

Focus has failed to show that it is a prevailing party in this matter under either the Lanham Act or the UTIAA.  It is well established that when parties agree to voluntary dismiss claims pursuant to Rule 41(a)(1)(A)(ii) there is no prevailing party because the dismissal does not carry any judicial imprimatur.  In addition, Focus has failed to demonstrate that Xlear's conduct in this case has been exceptional such that an award of attorneys' fees is merited. Because Focus is unable to meet its burden with respect to an award of attorneys' fees, the Court should deny its motion for attorneys' fees.

- 12 -

- 13 -

DATED this 7th day of June 2017.

        JONES WALDO HOLBROOK & McDONOUGH PC

        By:    */s/ Timothy B. Smith*
         Kenneth A. Okazaki
        Timothy B. Smith

        Attorneys for Plaintiff

- 13 -

- 14 -

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2017, I served the foregoing **OPPOSITION TO FOCUS**

**NUTRITION, LLC'S MOTION FOR ATTORNEYS' FEES** via the Court's electronic filing

system on the following:

> Matthew A. Steward (Bar No. 7637)
> Shannon K. Zollinger (Bar No. 12724)
> CLYDE SNOW & SESSIONS
> One Utah Center, Thirteenth Floor
> 201 South Main Street
> Salt Lake City, Utah 84111-2216
> Email: mas@clydesnow.com
> skz@clydesnow.com

*/s/ Timothy B. Smith*

1273667.1