IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| XLEAR, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>FOCUS NUTRITION, LLC, a Utah limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:16-cv-643-DVB<br><br>Judge Dee Benson |

Before the Court is Defendant's motion for attorneys' fees. Dkt. 36. Defendant moves the Court, pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54-2, for an award of the attorneys' fees it incurred in defending this action. The motion has been fully briefed. Based on the written arguments of the parties and on the relevant facts and the law, the Court enters the following Order.

## BACKGROUND

Plaintiff filed its Complaint on June 20, 2016, alleging trade dress infringement under the Lanham Act, 15 U.S.C. § 1125(a); violation of the Utah Truth in Advertising Act, U.C.A. § 13-

1

11a-3; and common law unfair competition. Dkt. 1.  Plaintiff sought injunctive relief, an award of actual damages, treble damages, punitive damages, interest, costs and fees.  *Id*.

In response, Defendant filed a Counterclaim for declaratory judgment of non-infringement and unenforceability of Plaintiff's trade dress.  Dkt. 14.  Plaintiff filed its Answer to Defendant's Counterclaim on September 2, 2016 and the Court entered a Scheduling Order on October 5, 2016.  Dkt. 17, 19-20.

On January 4, 2017, Defendant filed a Rule 12(c) motion for judgment on the pleadings as to Count 1, Plaintiff's trade dress infringement claim under the Lanham Act.  Dkt. 23.  The Court held a hearing on the motion on April 10, 2017, at which argument was heard from both sides.  Dkt. 33.  Defendant presented the packaging of several third-party competitors' products in an attempt to show that Plaintiff's was not "inherently distinctive" for purposes of stating a claim under section 1125(a).  The Court noted that the numerous packages displayed at the hearing were all "remarkably similar."  Each one of the products was packaged in a white mylar bag of the same or similar shape and size; each had a band of a similar hue of green at the top; and most contained a picture of the product alongside a piece of fruit.  The Court noted that without more evidence in the record, the Court would grant summary judgment on the trade dress infringement claim.  The Court denied the Rule 12(c) motion, however, because the discovery deadline had not yet passed and Plaintiff stated it intended to take depositions that would factually substantiate its claims.  In denying the motion at the hearing, the Court stated, "I suppose there is the possibility that facts will get revealed during this discovery disclosure window that would allow Plaintiff to avoid summary judgment."

Pursuant to the Scheduling Order, fact discovery ended on May 1, 2017. At no time during the litigation proceedings or discovery process did Plaintiff conduct, respond to, or participate in any discovery to support its claims. Exhibit A. Dkt. 36 at ¶8. On May 10, 2017, Plaintiff filed a Stipulation For Dismissal with the Court in which all claims were dismissed with prejudice. Dkt. 34.

With this motion, Defendant seeks recovery of $26,674.00 in attorneys' fees pursuant to the Lanham Act and the Utah Truth in Advertising Act, contending it is the "prevailing party" in this action and that this is an exceptional case.

## I. PREVAILING PARTY

Under both the Lanham Act and the Utah Truth in Advertising Act, a prevailing party may seek attorneys' fees.[1]

### A. Lanham Act

The Lanham Act provides that "the court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).

Plaintiff initiated this action with a Complaint that contained only cursory allegations. In the eleven months that the case was pending in this Court, Plaintiff conducted no discovery to prosecute or support its claims. It made no effort to comply with Rule 26 initial disclosure requirements; made no expert witness designations; took no depositions; served no discovery

---

[1] As discussed below, under the Lanham Act, a case must be deemed "exceptional" for the prevailing party to be entitled to an award of attorney fees. 15 U.S.C. § 1117(a). The Utah Truth in Advertising Act does not require the case to be "exceptional." U.C.A. § 13-11a-4(2)(c).

requests; failed to disclose any witnesses, with the exception of its CEO; conducted no polls or surveys to support its allegations; and offered no evidence of damages. After the discovery deadline had passed, and when notified that Defendant was about to file a motion for summary judgment, Plaintiff filed the stipulated dismissal of its case with prejudice.[2] Although Plaintiff had sought injunctive relief and an award of damages, including treble and punitive damages, interest, costs and fees, it received no monetary settlement or damages, nor injunctive relief of any kind.

The Court finds that, given the facts and circumstances of this action, Defendant is the "prevailing party" for purposes of awarding attorneys fees under § 1117(a) of the Lanham Act. *See, e.g., Killer Joe Nevada, LLC v. Leaverton,* 2014 WL 3547766, at *6 (N.D. Iowa July 17, 2014) (unpublished) ("The parties do not dispute that 'the defendant' is a 'prevailing party,' if dismissal of Killer Joe's infringement claim is with prejudice, and I agree.")(*citing Cadkin v. Loose*, 569 F.3d 1142, 1147-49 (9th Cir. 2009)(joining all circuit courts of appeals that had considered the question, holding that voluntary dismissal with prejudice of a plaintiff's infringement claims confers "prevailing party" status on a defendant under § 505 [copyright infringement actions]); *Advanced Career Techs., Inc. v. John Does 1-10,* 100 F.Supp.3d 1105, 1107 (D. Colo. 2015)(plaintiff's voluntary dismissal of complaint in response to motion to dismiss did not prevent defendant from receiving attorney fee award); *Atlantic Recording Corp.*

---

[2]Defendant's Counterclaim was included in the stipulated dismissal as it was rendered moot by Plaintiff's dismissal with prejudice. *See e.g., Killer Joe Nevada v. Leaverton*, 2014 WL 3547766, at *5 (N.D.Iowa July 17, 2014)(unpublished) (finding that defendant's non-infringement counterclaim was dependent on and rendered moot by plaintiff's voluntary dismissal of claim against defendant with prejudice).

*v. Andersen*, 2008 WL 185806, at *2 (D. Oregon Jan. 16, 2008) (unpublished) (parties' stipulation of dismissal with prejudice of plaintiff's claims, which reserved the issue of attorney's fees, was acknowledged by court in its minute entry, and where court also granted dismissal of defendant's counterclaim without prejudice to be heard in another case, was sufficient to deem defendant the "prevailing party" for purposes of attorneys' fees); *Nemeroff v. Abelson*, 620 F.2d 339, 350 (2d Cir. 1980)(finding that stipulation of dismissal that expressly reserved the right to move for costs and disbursements in the action was effective as to prevailing party); *Cantrell v. International Bhd of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995)(en banc)(holding a defendant is a "prevailing party" under Rule 54(d) of the Federal Rules of Civil Procedure when a plaintiff voluntarily dismisses its complaint); *Franklin Fin. v. Resolution Trust Corp.*, 53 F.3d 268, 273 (9th Cir. 1995)(defendant is a "prevailing party" under a contractual fee-shifting provision and an Oregon statue when a plaintiff voluntarily dismisses its action under Rule 41(a)(1) of the Federal Rules of Civil Procedure.).

### B. Utah Truth in Advertising Act

The Utah Truth in Advertising Act provides that "[c]osts shall be allowed to the prevailing party unless the court otherwise directs. The court shall award attorneys' fees to the prevailing party." U.C.A. § 13-11a-4(2)(c). Federal courts have followed Utah law in determining whether a party is the "prevailing party" under this statute. *See e.g. First Data Merch. Servs. Corp. v. SecurityMetrics Inc.*, 672 Fed. Appx. 229, 239 (4th Cir. 2016).

Under Utah law, the Court looks to whether there was a prevailing party "within the context of the case as a whole" in awarding attorneys' fees. *See Neff v. Neff, 247 P.3d 380 (Utah*

5

2011); *First Data*, 672 Fed. Appx. at 239.  The Court is to employ a "flexible and reasoned approach" and "take into consideration 'the significance of the net judgment in the case' and 'the amounts actually sought . . . balanc[ed] . . . proportionally with what was recovered.'" *Giles v. Mineral Res. Int'l, Inc.*, 320 P.3d 684, 687-88 (Utah App. 2014)(quoting *A.K. & R. Whipple Plumbing & Heating v. Guy*, 94 P.3d 270 (Utah 2004).  "Courts should not ignore common sense when deciding which party prevailed."  *Giles*, 320 P.3d at 687-88.

The Court finds that Defendant prevailed within the context of this case as a whole.  As discussed above, it succeeded in Plaintiff dismissing all of its claims with prejudice.

## II. EXCEPTIONAL CASE

Under the Lanham Act, a case must be "exceptional" in order for the prevailing party to be awarded attorneys' fees.  15 U.S.C. § 1117(a).  The Court has discretion to determine whether a case is exceptional.  *National Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1146 (10th Cir. 2000).

While "[n]o one factor is determinative," an infringement suit under the Lanham Act can be "exceptional" based on: "(1) lack of any foundation; (2) the plaintiff's bad faith in bringing the suit; (3) the unusually vexatious and oppressive manner with which it is prosecuted; or (4) perhaps for other reasons as well."  *Id*.  The Tenth Circuit stated that "district courts are quite able to decide which are 'exceptional cases,' as opposed to routine cases, looking at both the objective merit or the lack thereof of the plaintiff's case and the likely subjective motivations of the plaintiff as reflected by the trial strategies utilized."  *Id*.

The Court finds that the undisputable facts in the record demonstrate that there was a lack of objective merit to the claims in Plaintiff's Complaint.  Additionally, Plaintiff made no effort to engage in any discovery or to prosecute its claims for eleven months.  Plaintiff did not respond to Defendant's written discovery requests.  During the pendency of the suit, Defendant was forced to incur attorneys' fees for the filing of pleadings, motions and discovery to prepare its defense.  The Court finds that under these facts, this case is exceptional.

## CONCLUSION

Because Defendant is the prevailing party in this action under both the Lanham Act and the Utah Truth in Advertising Act and because this is an exceptional case under the Lanham Act, the Court hereby GRANTS Defendant's Motion for Attorneys' Fees in the amount of $26,674.00.

DATED this 18th day of July, 2017.

_____
Dee Benson
United States District Judge