IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| XLEAR, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>FOCUS NUTRITION, LLC, a Utah limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:16-cv-643-DB<br>Judge Dee Benson |

This matter is before the Court on remand from the Tenth Circuit Court of Appeals for determination of whether, under Utah law, Defendant is a "prevailing party" for purposes of the Utah Truth in Advertising Act, Utah Code § 13-11a-3 ("UTIAA"), entitling it to recover the reasonable attorneys' fees it incurred in defending Plaintiff's UTIAA claim.

Under the UTIAA, "[t]he court shall award attorneys' fees to the prevailing party." Utah Code § 13-11a-4(2)(c). The Utah Supreme Court has adopted a "flexible," "reasoned," and "commonsense" approach to whether a litigant is a prevailing party. *Neff v. Neff*, 247 P.3d 380, 399, 400 (Utah 2011). This approach requires a "case-by-case evaluation" so as "to handle circumstances where both, or neither, parties may be considered to have prevailed." *Id*. at 398.

In employing this approach, the trial court should consider several factors, including "the language of the . . . statute that forms the basis for the attorney fees award, the number of claims brought by the parties, the importance of each of the claims relative to the entire litigation, and the amounts awarded on each claim." *Id*. The Court considers these factors below.

A. Statutory Language

The UTIAA provides: "Costs shall be allowed to the prevailing party unless the court otherwise directs. The court shall award attorneys' fees to the prevailing party." Utah Code § 13-11a-4(2)(c). Under this statutory language, if Defendant is determined to be the prevailing party under the facts presented, the Court *shall* award attorneys' fees for its defense of the UTIAA claim.

B. Claims in this Action

Here, Plaintiff brought three claims in this lawsuit: one for trade dress infringement under 15 U.S.C. §1125(a) of the Lanham Act; one for violation of the Utah Truth in Advertising Act, Utah Code § 13-11a-3; and one for common law unfair competition. All of these causes of action were based on the same set of facts surrounding Defendant's packaging of its sweetener product. Plaintiff sought injunctive relief under all causes of action against Defendant, an award of damages, an award of treble damages based on Defendant's alleged willful conduct, as well as an award of punitive damages, interest, costs and fees. Complaint at pp. 9-10. In response, Defendant counterclaimed for a declaratory judgment of noninfringement.

Defendant brought a motion for partial judgment on the pleadings seeking dismissal of Plaintiff's Lanham Act claim. After a hearing on the motion, the Court made findings on the

record and denied the motion. Based on the facts, evidence and argument presented at the hearing, the Court questioned the validity of Plaintiff's claims but ultimately denied the motion because, as it stated, "I suppose there is the possibility that facts will get revealed during this discovery disclosure window that would allow Plaintiff to avoid summary judgment." The parties immediately entered settlement talks and Plaintiff ultimately voluntarily stipulated to dismissal with prejudice of all of its claims against Defendant pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Defendant also stipulated to dismissal of its claim for declaratory judgment of noninfringement against Plaintiff.

C. Importance of Claim and Amounts of Awards on Each Claim

The UTIAA claim was one of three causes of action asserted in Plaintiff's complaint. Defendant did not include this claim in its Rule 12(c) motion and Plaintiff voluntarily dismissed it with prejudice, obtaining none of the injunctive relief or alleged monetary damages it had sought. Defendant stipulated to dismissal of its action for declaratory judgment which it states became moot with Plaintiff's agreement to dismiss this action with prejudice against Defendant. Defendant's counterclaim for declaratory judgment did not seek damages or any relief beyond a declaration of noninfringement and unenforceability of Plaintiff's alleged trade dress. While Plaintiff brought this action demanding damages including treble and punitive damages as well as injuncitve relief on all of its claims, Defendant asserted its cause of action in defense.

The trial court may consider whether interests of "justice and equity" weigh in favor or against an award of attorneys' fees. *See Hull v. Wilcock*, 285 P.3d 815, 830-31 (Utah App. 2012). The Court finds that based on the facts and in the context of the case, under Utah law,

Defendant is the prevailing party with regard to Plaintiff's UTIAA claim. Accordingly, the Court finds that Defendant is entitled to an award of reasonable attorneys fees it incurred defending this particular claim.

Under Utah law,

> a party seeking fees must allocate its fee request according to its underlying claims. Indeed, the party must categorize the time and fees expended for "(1) successful claims for which there may be an entitlement to attorney fees, (2) unsuccessful claims for which there would have been an entitlement to attorney fees had the claims been successful, and (3) claims for which there is no entitlement to attorney fees."

*Foote v. Clark*, 962 P.2d 52, 55 (Utah 1998) (quoting *Cottonwood Mall v. Sine*, 830 P.2d 266, 269-70 (Utah 1992)).

Defendant is hereby ordered to submit within 30 days an accounting of the fees, if any, it incurred in defending Plaintiff's UTIAA claim.

IT IS SO ORDERED.

DATED this 31st day of August, 2018.

_____
Dee Benson
United States District Judge