IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| XLEAR, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>FOCUS NUTRITION, LLC, a Utah limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:16-cv-643-DB<br>Judge Dee Benson |

Before the Court is Defendant Focus Nutrition's motion to set aside judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). [Dkt. 52]. The motion has been fully briefed and the Court finds oral argument unnecessary. Based on the written arguments of the parties and on the relevant facts and the law, the Court enters this Memorandum Decision and Order.

## BACKGROUND

Plaintiff filed this lawuit alleging three causes of action against Defendant: (1) trade dress infringement under the Lanham Act; violation of the Utah Truth in Advertising Act; and common law unfair competition, all with regard to Defendant's packaging of its sweetener product. [Dkt. 1]. Defendant filed a motion for partial judgment on the pleadings under Federal

1

Rule of Civil Procedure 12(c) whereby it sought dismissal of Plaintiff's Lanham Act claim. A hearing was held on the motion at which the Court made findings on the record and denied the motion. [Dkt. 32]. The parties then filed a stipulation for dismissal of all claims with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). [Dkt. 34]. The stipulation states that "[e]ach party expressly reserves its right to seek an award of attorneys' fees and costs from the Court." [Id]. Defendant filed a motion for attorneys' fees which Plaintiff opposed. [Dkts. 36, 37, 38]. The Court granted the motion and the tenth circuit court of appeals reversed the award of attorneys fees for defense of the Lanham Act claim on the basis that there had not been sufficient judicial imprimatur relating to the dismissal. [Dkt. 40]. The court of appeals remanded the award of attorneys fees under the Utah Truth in Advertising Act for determination by the Court of whether Defendant is a "prevailing party" under Utah law for purposes of obtaining an award of its attorneys' fees for defense of Plaintiff's UTIAA claim. That issue is currently before the Court. In the meantime, Defendant filed this motion pursuant to Federal Rule of Civil Procedure 60(b)(6) to set aside the judgment based on the parties' stipulation for dismissal. Defendant contends the judgment should be set aside in order for it to "move this Court for relief sufficient to create the 'judicial imprimatur' required by the Tenth Circuit to declare that it is the 'prevailing party,' through a motion for dismissal, or for sanctions under Rule 37, or for summary judgment under Rule 56 against Xlear." [Dkt. 52 at p. 2].

## DISCUSSION

Federal Rule of Civil Procedure 60(b)(6) states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . .

any . . . reason that justifies relief." Motions under Rule 60(b) are within in the discretion of the district court. *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975). "A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Community Program*, 880 F.3d 1176, 1191-92 (10th Cir. 2018).

Defendant argues the judgment should be set aside because the parties agreed to reserve the right to seek attorneys fees, yet the tenth circuit found that the manner in which the parties stipulated to dismissal under Rule 41(a)(1)(A)(ii) did not involve sufficient judicial imprimatur to support an award of fees under the Lanham Act. While counsel discussed and negotiated issues leading up to the dismissal, including reserving the right of each party to seek attorneys' fees, they knowingly, voluntarily and willfully entered into the stipulation which expressly states that the claims are to be dismissed "pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)."

Although Defendant argues it believed it had a sufficient basis upon which to be awarded attorneys' fees for defense of all of its claims, the fact that the tenth circuit did not agree with regard to the Lanham Act does not constitute an extraordinary basis upon which the Court will set aside the judgment under Rule 60(b). *See Collins v. City of Wichita, Kan.*, 254 F.2d 837, 839 (10th Cir. 1958)("A change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance which justifies such relief."); *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)("[F]ailure to evaluate carefully the legal consequence of a chosen course of action provides no basis for relief from a judgment."). Accordingly, the Court declines to set aside the judgment.

## CONCLUSION

Defendant's motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) is hereby DENIED.

IT IS SO ORDERED.

DATED this 31st day of August, 2018.

_____
Dee Benson
United States District Judge