# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XLEAR, INC., a Utah corporation,<br><br>Plaintiff,<br>v.<br><br>FOCUS NUTRITION, L.L.C., a Utah limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:16-cv-00643-DB<br><br>District Judge Dee Benson |

Before the court is Defendant's timely filed Notice of Focus Nutrition, LLC's Accounting of Fees ("Defendant's Accounting") Incurred in Defending Plaintiff Xlear's Utah Truth in Advertising Act (UTIAA) Claim. (Dkt. No. 57.) Plaintiff filed a timely Objection to Defendant's Notice. (Dkt. No. 58.) Defendant did not file a reply to Plaintiff's Objection. Based on the written arguments of the parties and on the relevant facts and the law, the court now enters the following Memorandum Decision and Order.

## BACKGROUND

On August 31, 2018, this court determined on remand from the Tenth Circuit Court of Appeals that Defendant Focus Nutrition, LLC is the prevailing party with regard to Plaintiff's UTIAA (Utah Code § 13-11a-3) claim, entitling Defendant to recover the reasonable attorneys' fees it incurred defending that particular claim. (Dkt. No. 55.) Defendant was ordered to submit an accounting of its attorneys' fees within thirty days. (*Id.* at 4)

In his Declaration in Support of Focus Nutrition LLC's Accounting of Attorney Fees ("the Declaration"), Defendant's attorney Matthew A. Steward declares that "Focus Nutrition has incurred attorneys' fees in its defense of Xlear's UTIAA claim in the amount of $20,999.50."

(Dkt. No. 57-1 at 12.) He further testifies that this amount of fees and time "are reasonable given the complexity of the issues, the experience of counsel, and the amount of work required to be performed by Focus Nutrition's counsel." (*Id.*) In support of this assertion, he includes in his Declaration a table of total hours of trial court work and appellate work performed by both him and another attorney, Shannon Zollinger, who he personally supervised over the course of the litigation, as well as their total fees from those hours. (*Id.* at 6, 8-11.) Also included as Exhibit 1 are the billing records prepared by his firm and sent to Focus Nutrition, with "discounts for non-recoverable work notated" and redacted time entries for those "fees [that] are not recoverable." (*See id.* at 4, 8, 13-20.)

## DISCUSSION

As the Tenth Circuit's opinion emphasized, this court was instructed on remand to determine what portion of Defendant's originally requested fees of $26,674 stemmed specifically from Focus Nutrition's defense of the UTIAA claim.[1] Accordingly, Focus Nutrition was instructed by both courts that Utah law requires that:

> a party seeking fees must allocate its fee request according to its underlying claims. Indeed, the party must categorize the time and fees expended for "(1) successful claims for which there may be an entitlement to attorney fees, (2) unsuccessful claims for which there would have been an entitlement to attorney fees had the claims been successful, and (3) claims for which there is no entitlement to attorney fees."

*Foote v. Clark*, 962 P.2d 52, 55 (Utah 1998) (quoting *Cottonwood Mall Co. v. Sine*, 830 P.2d 266, 269–70 (Utah 1992)).

Thus for Defendant to recover its fees, it first needed to properly categorize all of its fees underlying each of the claims from this litigation. This allocation enables the court to determine

---

[1] *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1231, 1240-41 (10th Cir. 2018) (finding that "if Focus Nutrition is to recover any attorneys' fees it can only recover fees incurred in defense of the UTIAA claim" and thus that Focus Nutrition's prevailing party status for purposes of Xlear's UTIAA claim "would not permit an award of the full requested fees of $26,674.")

2

which fees were specifically incurred defending the UTIAA claim (the successful claim), as well as which fees were incurred defending *each* of the other separate claims (i.e., the unsuccessful claims and the claims for which fee recovery is not authorized).  Secondly, Defendant needed to submit sufficient evidence "to permit the court to make the necessary findings [of] . . . what a reasonable award of fees is relative to Focus Nutrition's defense of the UTIAA claim." *Xlear*, 893 F.3d at 1242.

> I. **Categorization of Fees**

"A party is . . . entitled only to those fees resulting from its principal cause of action for which there is a contractual (or statutory) obligation for attorney's fees." *Utah Farm Prod. Credit Ass'n v. Cox*, 627 P.2d 62, 66 (Utah 1981).  "Therefore, where a party incurs attorneys' fees prosecuting or defending multiple claims within a single litigation and the party has a statutory right only to recover fees relative to one of the claims, the party must submit sufficient evidence to permit the district court to determine what portion of the fees were incurred . . . defending the claim for which fee recovery is statutorily authorized." *Xlear*, 893 F.3d at 1242.

Accordingly, on appeal the Tenth Circuit remanded to allow the district court "to determine which of the requested fees are attributable to Focus Nutrition's defense of the UTIAA claim rather than to its defense of the non-UTIAA claims or to its pursuit of the counterclaim." *Xlear*, 893 F.3d at 1240.  In describing the inadequacy of Defendant's original affidavit and one-page billing record it submitted prior to the appeal, the Tenth Circuit found in part that Defendant failed to "delineate time spent defending the UTIAA claim from time spent defending the Lanham Act claim and the common law unfair competition claim or time spent pursuing the counterclaim." *Id.*  The circuit court also noted that Defendant's reply brief "did not provide any

additional evidence in support of the requested fees" to permit the district court to assess the reasonableness of its requested fees. *See id.* at 1232.

Defendant was thus instructed by both the Tenth Circuit and this court (under Utah law) to "categorize the time and fees expended" by delineating the originally-requested fees based on 1) successful claims, 2) unsuccessful claims, and 3) claims for which fee recovery is not authorized. *Id.* at 1239, 1242; Dkt. No. 56 at 4. As Plaintiff persuasively argues, Defendant was essentially ordered to submit an allocation of its fees and time in the following manner:

1. Time spent in defense of the UTIAA claim (found to be prevailing party by this court, possible entitlement of fees);
2. Time spent in defense of the Lanham Act claim (not the prevailing party, no entitlement to fees);
3. Time spent (1) in defense of the common law unfair competition claim, and (2) in support of Focus' counterclaim for noninfringement and invalidity (claims with no fee entitlement).

(*See* Dkt. No. 58 at 7.)

While Defendant has provided more detailed billing records than it had previously submitted, Defendant once again failed to properly allocate and delineate its fees and time spent defending its UTIAA claim in juxtaposition with each of its other underlying claims. Instead of breaking down its attorneys' fees into the above-listed categories and identifying the amount of fees that fell into each category, Defendant's billing records only specifically identify the amount of time and fees that it alleges were spent in defense of the UTIAA claim. Time spent in defense of the Lanham Act claim, common law unfair competition claim, and on its counterclaim were allegedly redacted or discounted from the bill, without providing a specific time allocation for any of those claims. The court is thus unable to review the redacted entries to determine how much time Defendants' counsel actually spent each of on the other claims.[2]

---

[2] *See Xlear*, 893 F.3d at 1232, 1240.

4

Defendant appears to acknowledge its deviation from the court's order in its Declaration, but argues that Utah law allows for an attorney fee applicant to recover fees for unsuccessful claims with legal services that were "inextricably intertwined" with the successful claim. (*See* Dkt. No. 57-1 at 4-5.) Accordingly, Defendant decided to "group certain entries together [in its fee application], to the extent the work performed applied to the 'same set of acts' that were 'inextricably intertwined' among the claims at issue." (*Id.*) To accomplish this, Defendant asserts that it essentially divided all of its work into two categories: 1) work that Defendant determined was "inextricably intertwined" among the claims collectively, and 2) work that it determined that was not "inextricably intertwined" with the UTIAA claim. (*See id.* at 4.) Defendant then redacted all entries for work that was not inextricably intertwined with the UTIAA claim (i.e., those exclusively relating to its defense of the Lanham Act or common law unfair competition claims). (*Id.*) For work it determined was inextricably intertwined, Defendant asserts that it reviewed those entries to "very conservatively" estimate the overall time spent "on factual and legal issues that were relevant and necessary" to defending the UTIAA claim, while discounting time from entries that was not relevant and necessary to the UTIAA. (*See id.* at 4-5.)

Under Utah law, "where a trial court finds that almost all, if not all, of the legal services performed with respect to [an unsuccessful] claim were also relevant and necessary with respect to the other issues in the case upon which [the party] was successful, the party's lack of categorization will not undermine the sufficiency of the evidence supporting the award of attorney fees and the award is not in error." *Stevensen 3rd E., LC v. Watts*, 2009 UT App 137, ¶ 60, 210 P.3d 977, 993. In support of its assertion that its legal services were relevant and necessary to the UTIAA claim, Defendant relies on this court's observation that "all of these

causes of action were based on the same set of facts surrounding Defendant's packaging of its sweetener product." (*See* Dkt. No. 57-1 at 4.) However, the particular issue of whether the legal services performed on Defendant's unsuccessful claims were also relevant and necessary to defending its UTIAA claim has never been presented to the court. Defendant has instead made a conclusory allegation that certain time spent on unsuccessful claims was "spent on factual *and legal* issues that were relevant and necessary with respect to defense of the UTIAA claim." (*See id.* at 5 (emphasis added).) And when Plaintiff persuasively contested this argument in its Objection, Defendant did not even file a reply brief in its defense. Without supporting evidence of Defendant's assertion, the court cannot determine that those services were relevant and necessary to the legal issues underlying its UTIAA claim. Accordingly, the court holds that the "inextricably intertwined" exception to the general fee categorization requirement does not apply to Defendant's attorneys' fees here.

Furthermore, the Tenth Circuit specifically instructed that Defendant's "attorneys' fees attributable to the preparation and prosecution of the counterclaim cannot be recovered under the UTIAA." *Xlear*, 893 F.3d at 1240. Yet Defendant's billing records reveal multiple unredacted/undiscounted entries that appear to include substantial work on the "Counterclaim." (*See, e.g.*, Dkt. No. 57-1 at 14.) This is just one of several examples where Defendant is now improperly requesting fees beyond those "incurred in defense of the UTIAA claim" *Cf. Xlear*, 893 F.3d at 1240, fn.7. [3]

Defendant has not appropriately categorized and allocated its fees according to each of the individual claims and counterclaim, and has asserted without evidence that its requested

---

[3] "[T]he UTIAA cannot support an award of fees to Focus Nutrition for fees incurred in defense of the non-UTIAA claims or in pursuit of its counterclaim." *Xlear*, 893 F.3d at 1241.

6

UTIAA fees stem from work that was inextricably intertwined with Defendant's claims collectively. Defendant has therefore failed to follow both the Tenth Circuit and this court's instructions on proper categorization of fees, and is not entitled to its attorneys' fees.[4]

## II. Reasonableness of Fees

"A party who requests an award of attorney fees has the burden of presenting evidence sufficient to support an award." *Cottonwood Mall,* 830 P.2d at 268. A trial court "is not required to adopt the prevailing party's assertion of what constitutes a reasonable attorney fee, even if the fee sought is supported by an affidavit." *Bakowski v. Mountain States Steel, Inc.*, 2002 UT 62, ¶ 38, 52 P.3d 1179. Trial courts are thus "not required to accept [a party's] self-interested evidence regarding the reasonableness of an asserted fee." *Id.*

As Defendant has not adequately categorized its attorneys' fees, it has also failed to meet its burden of providing sufficient evidence to the court that its requested fees were reasonable relative to its defense of the UTIAA claim. Yet even if Defendant had allocated its fees according to the court's instructions, the court nevertheless finds that the procedural history and evidence from this case raise serious questions about the requested fees' reasonableness.

For instance, Defendant claims that its requested fees, representing just 33% of the total amount its attorneys' have billed in this case, are "commensurate with the UTIAA claim representing a third of Xlear's claims." (Dkt. No. 57-1 at 8.) Besides the fact that the Tenth Circuit instructed Defendant to focus its analysis on the portion of its *initially-requested* $26,674 in fees that was dedicated to defending the UTIAA, the record available to the court (e.g., the procedural history and Defendant's unredacted billing records) strongly suggests that the

---

[4] *Foote v. Clark*, 962 P.2d 52, 55 (Utah 1998) ("When the evidence presented is insufficient, an award of attorney fees cannot stand.").

attorneys' time as a whole has been primarily dedicated to defending the Lanham Act claim rather than the UTIAA.[5] Relatively more time also appears to have been dedicated to preparing Defendant's counterclaim than to the UTIAA claim. And as Plaintiff compellingly observes, Defendant's billing entries are insufficient to determine whether *any* of its attorneys' activities actually related to the UTIAA claim in particular. (*See* Dkt. No. 58 at 12.) As an illustration, not a single entry on Defendant's billing records mentions the UTIAA claim (including on appeal), and "none of the provided descriptions ever mention . . . the words 'Utah,' 'truth,' or 'advertising.'" (*Id.* at 8, 12.) Thus, even if the requested fees only constitute one-third of the total amount billed on this matter, Defendant has not provided sufficient evidence that one-third of its attorneys' actual work was dedicated to defending the UTIAA claim.

Furthermore, Defendant had the opportunity to rebut Plaintiff's objections by submitting evidence of its work reasonably spent defending the UTIAA claim in a reply brief, but it failed to do so. With scant evidence of the legal services spent defending the UTIAA claim, Defendant has not met its burden of supporting the reasonableness of its requested fees for that claim

### III. Appeal Fees

"Where a statute provides for the payment of attorney fees to the 'prevailing party' or the 'successful party,' [the Utah Supreme Court has] held that such a party is entitled to fees in the trial court and on appeal if the judgment is affirmed." *Chang v. Soldier Summit Dev.*, 2003 UT App 415, n.4, 82 P.3d 203, 210 (quoting *Zoll & Branch, P.C. v. Asay*, 932 P.2d 592, 595 (Utah 1997)). If a prevailing party is entitled to appeal fees, the trial court then determines the amount on remand; the prevailing party is not entitled to fees for any claims that were not affirmed on

---

[5] The court considers in particular the large amount of time Defendant's attorneys dedicated to the Rule 12(c) motion and hearing, which pertained exclusively to the Lanham Act.

appeal. *See id.* While true that the Tenth Circuit did not formally affirm the district court's award of attorney's fees to Defendant, but rather vacated it and remanded for further proceedings, it may still be the case that as a practical matter the court's original judgment was effectively "affirmed" in this case.[6] However, the court need not decide this issue here, as Defendant has failed to provide sufficient evidence of the reasonableness of its requested UTIAA appeal fees.

In his Declaration, Mr. Steward claims that he has redacted "any time entries exclusively directed to appellate issues on the Lanham Act claim" from the billing records, and then "very conservatively estimated that fifty percent" of the remaining appellate time entries were spent on Defendant's UTIAA claim. However, after reviewing the numerous unredacted appeal fee entries in the billing records, the court finds it implausible that fifty percent of those remaining hours were dedicated to the UTIAA claim. As Plaintiff persuasively argues, Defendant "spent less than 2 pages of its 37-page [appellate] brief arguing that it prevailed under the UTIAA claim." (Dkt. No. 58 at 8.) Without a full description of the UTIAA-related work that was performed or additional supporting evidence beyond Defendant's conclusory allegation (i.e., that fifty percent of the unredacted appeal entries were spent defending the UTIAA claim), the court finds that Defendant has not submitted sufficient evidence for the court to determine whether the requested appeal fees are reasonable.

Thus, even if the district court's UTIAA prevailing party judgment was held to have been "affirmed" in this matter, Defendant would not be entitled to its requested appeal fees.

---

[6] *Cf. Wallis v. Thomas*, 632 P.2d 39, 43 (Utah 1981) ("[The Act] provides that the purchaser may recover reasonable attorneys' fees. If a [party] be required to defend his position on appeal at his own expense, the comprehensive rights bestowed upon him by the Act will be diminished contrary to the designed objective of this legislation . . . .").

## CONCLUSION

For the foregoing reasons, the court hereby DENIES Defendant's requested award of attorneys' fees incurred for its defense of the UTIAA claim.

Signed January 29, 2019.

BY THE COURT

Dee Benson
United States District Judge